IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JON FULLERTON                                                                         PLAINTIFF

v.                  Civil No. 04-5226

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jon Fullerton appealed the Commissioner's denial of benefits to this court. On August 19, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $3,212.60 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 25.25 hours of work before the court at an hourly rate of $125.00 and $56.35 in expenses. The defendant has filed a response, expressing no objections to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at a rate of $125.00 an hour. We find plaintiff's attorney entitled to compensation at this rate. *See* 28 U.S.C. § 2412(d)(2)(A) (setting standard maximum hourly rate at $125.00). We further find that plaintiff's attorney is entitled to be compensated under EAJA for 25.25 hours, the number of hours of work she indicates she expended on this case at the district court level.

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA in the amount of $3,212.60. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 15th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE